.IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HARVEY B. BIDDY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ANDREW SAUL, | ) | 1:17CV1039 |
| Commissioner of Social Security[1], | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and was served on the parties in this action on October 19, 2018. (Mem. Op. & Recommendation of the U.S. Magistrate Judge ("Recommendation") [Doc. #16]; Notice of Mailing Recommendation [Doc. #17]). Plaintiff Harvey B. Biddy, Jr. ("Biddy") objected to the Recommendation within the time limits prescribed by 28 U.S.C. § 636, (Obj. to the Recommended Ruling ("Biddy's Objs.") [Doc. #18]), to which then-Acting Commissioner Nancy A. Berryhill ("Commissioner") filed a response, [Doc. #19]. For the reasons explained below, the Recommendation is ADOPTED.

---

[1] At the time of filing, Nancy A. Berryhill was the Acting Commissioner of Social Security, however in accordance with Federal Rule of Civil Procedure 25(d), Andrew Saul, who is presently Commissioner of Social Security, has been substituted. See Fed. R. Civ. P. 25(d).

I.

Biddy raises two objections to the Recommendation: first, that "[t]he Magistrate Judge had no basis to conclude that medical evidence from 2004 is relevant to the issue of Plaintiff's disability at his amended alleged onset date of January 10, 2015," and second, that "[t]he Magistrate failed to apply Fourth Circuit and Middle District case law establishing that an administrative law judge commits a reversible error by failing to explain the weight given to obviously probative evidence." (Biddy's Objs. at 1,3.)  As explained below, neither of these objections have merit.

A.

Biddy's first objection hinges on the ALJ's consideration of an "on-the-job back injury that [Biddy] suffered in 2004 and a subsequent August 2004 MRI of the thoracic spine." (Id. at 1 (citing Administrative Record ("A.R.") 295).)  Biddy contends that the ALJ's consideration of this injury and assignment of weight to the various treating physicians' opinions was impermissible, because "[a]s a matter of simple logic, the medical evidence from 2004 is too far removed in time to be of any use in in [sic] evaluating the severity of Plaintiff's back condition in January 2015 or in November 2016, when his disability hearing was held." (Id. at 3.)  Biddy therefore argues that the Magistrate Judge's conclusion that the 2004 medical evidence is relevant to Biddy's disability claim is incorrect, because

2

the Magistrate Judge "cites no legal authority to support this finding and makes no attempt to explain how that evidence could be relevant . . . [and instead] just declares it to be so."[2] (Id. at 2.)

In contrast to Biddy's argument, the Magistrate Judge does in fact cite legal authority specifically regarding how much weight should be given to evidence that predates the disability onset date. (Recommendation at 6-7.) The Magistrate Judge noted that:

> [a]lthough not settled by the Fourth Circuit, some courts have found that an ALJ's failure to mention medical evidence that predated the alleged onset date was an error, particularly where that evidence involved the same impairments claimant asserted as a disability. See Pilcher v. Colvin, No. 5:14-CV-191-RJC, 2016 WL 1048071, at *4 (W.D.N.C. Mar. 16, 2016) (unpublished); Marsh v. Colvin, 792 F.3d 11790 (9th Cir. 2015); Kish v. Astrue, No. 10-CV-225-WDS, 2012 WL 996964, at *10 (S.D. Ill. Mar. 23, 2012) (unpublished). However, other courts have found evidence that predates the alleged onset date is of limited relevance, and need not even be considered. See Graley v. Colvin, No. 3:14-CV-25277, 2015 WL 5773162, at *6 (S.D.W. Va. Sept. 29, 2015) (citing Gullace v. Astrue, 1:11CV0755 TSE/JFA, 2012 WL 691554, at *15 & n.18 (E.D. Va. Feb. 13, 2012) (unpublished), report and recommendation adopted, 2012 WL 688488 (Mar. 2, 2012) (unpublished).

(Id. at 7.) The Magistrate Judge then concluded that "the ALJ's consideration of Plaintiff's back treatment was relevant and necessary to examine the longitudinal picture of Plaintiff's functional limitations." (Id. at 8.)

---

[2] Despite Biddy's statements regarding the Magistrate Judge's perceived failure to cite case law, Biddy cites no case law to support his argument that the medical evidence from 2004 is too far removed to be considered. (See Biddy's Objs. at 3.)

3

The Magistrate Judge was correct: the ALJ did not base her determination of Biddy's disability in 2015 on evidence from 2004, but instead only used the 2004 medical evidence as context for Biddy's later medical problems. (See A.R. at 22-23.) Therefore, the 2004 evidence is relevant as the ALJ found it to be and was properly considered, and consequently, Biddy's objection is overruled.

B.

Biddy's second objection argues that the ALJ failed to consider medical evidence from a February 2011 MRI of the lumbar spine, even though the Fourth Circuit and the Middle District have held that "obviously probative exhibits" must be considered, and "[t]he February 2011 lumbar is obviously probative to Plaintiff's disability claim because it establishes a change in the condition of his spine." (Biddy's Objs. at 4-5.) Biddy is correct that the ALJ did not explicitly mention the February 2011 MRI, but is incorrect in arguing that the February 2011 MRI is so "obviously probative" it must be discussed. (See Biddy's Objs. at 5.)

In this case, the February 2011 MRI is not obviously probative in determining the physical impairment or disability at the time of the decision. As the Magistrate Judge notes,

> even if Plaintiff had possible neural encroachment in February of 2011, an examination in July 2016 revealed that Plaintiff had a normal range of motion, was able to flex his back to 90˚, and was able to walk on his tiptoes and on his heels. Additionally, in December of 2015, shortly after having heart surgery, Plaintiff was able to walk a half mile with little to no discomfort.

(Recommendation at 8-9 (citing A.R. 23, 875, 863).) Additionally, the February 2011 MRI does not provide any information regarding Biddy's limitations or difficulties, and any difficulties that may have existed are not reflected in the medical evidence from 2016. Therefore, the February 2011 is not obviously probative, and therefore Biddy's objection is overruled.

II.

For the reasons stated herein, IT IS HEREBY ORDERED that the Recommendation of the United States Magistrate Judge [Doc. #16] is ADOPTED. IT IS FURTHER ORDERED that Plaintiff Harvey B. Biddy, Jr.'s Motion for Judgment Reversing the Decision of the Commissioner of Social Security [Doc. #11] is DENIED and Commissioner's Motion for Judgment on the Pleadings [Doc. #14] is GRANTED and this matter is DISMISSED WITH PREJUDICE.

This the 14th day of August, 2019.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge